IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KENYATTA HUGHTON,[1] | : | |
| | : | CIVIL ACTION |
| Petitioner | : | NO. 11-6176 |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS, et. al. | : | |
| | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**Henry S. Perkin, M.J.**                                                                   **April 16, 2012**

Presently before the Court is the pro se Petition for Writ of Habeas Corpus[2] filed by Kenyatta Hughton ("Petitioner") pursuant to 28 U.S.C. section 2254. Petitioner's memorandum of law in support was filed on October 26, 2011. The Response to the Petition was filed November 21, 2011.

By order of October 12, 2011, the matter was assigned to the undersigned for preparation of a Report and Recommendation. For the reasons that follow, it is recommended that the Petition should be denied with prejudice and dismissed without an evidentiary hearing.

---

[1] Although the Petition for Writ of Habeas Corpus indicates that the Petitioner's surname is "Hughton," we note that both the Application for Prisoners to Proceed in District Court Without Prepaying Fees or Costs and the criminal docket for the Court of Common Pleas of Delaware County list the Petitioner's surname as "Hughston."

[2] The Petition for Writ of Habeas Corpus (Docket No. 1) was filed on September 29, 2011.

I.    **FACTS AND PROCEDURAL HISTORY**[3]

On March 6, 2009, following a jury trial before the Honorable Frank T. Hazel, Petitioner was found guilty of two counts of robbery, criminal conspiracy, forgery, and possession of an instrument of crime.[4] On June 15, 2009, Petitioner was sentenced to an

---

[3]  This information is taken from the Petition for Writ of Habeas Corpus and memorandum in support thereof, the Response thereto, and the attachments to those pleadings. In addition, this Court ordered and reviewed the state court record in this matter. The information contained in the state court record has been considered and incorporated into this Report and Recommendation.

[4]  The PCRA Court set forth the following relevant facts and procedural history:

> On December 31, 2007, Petitioner, Kenyatta Hughston, and an accomplice forced their way into the rental office of the Barrington Garden Apartments in Upper Darby, PA. Both men carried guns and once inside they forced the property manager and a maintenance worker to the floor. Petitioner demanded money and the property manager complied, giving him all the money she had. [Petitioner] demanded more: "[if] you don't give me more, and find the rest, somebody's going to get popped, and that is going to be you." The assailants ransacked the office, cut telephone lines and took six to seven hundred dollars in cash and money orders and checks valued at about $5,000.00. When the office manager was on the floor Petitioner demanded her cell phone and repeatedly ordered her to keep her head down. However, she watched the two men as they ransacked the office searching for money. The robbery was interrupted by a knock at the door and the two men fled through a window.
>
> In the course of the investigation that followed the robbery it was discovered that two of the money orders stolen from the rental office were purchased at "69th Street Check Cashing." The name of the payee on each money order was changed to "Tribute" credit card company and the money orders were submitted on January 9 & 23, 2008 as payments toward the balance due on Petitioner's account with the credit card company.
>
> Andrea Copes, the office manager, identified Petitioner at a line-up and at trial. She testified that she watched Petitioner as he walked around the office and had a full view of his face as he came in the door: "I got a good look at his face when he walked through the door." Stephen Floyd, the maintenance worker, corroborated her identification. He testified that Petitioner entered the office with a pistol in his hand. When he entered Floyd tried to close the door and saw Petitioner's face. Floyd identified Petitioner's photo from an array, identified him in a line-up and made in-court identification.
>
> Petitioner testified in his own defense and admitted that he forged the money orders and submitted them to the credit card company for payments on his account. He testified that he did not commit the robbery but came into possession of the money orders when someone in his neighborhood sold them to him for half the face value. Further, he testified that he turned himself in to

aggregate term of 132 to 300 months of incarceration.

Petitioner did not pursue his right to a direct appeal. On February 22, 2010, Petitioner filed a timely counseled petition under the Pennsylvania Post Conviction Relief Act ("PCRA"). See 42 Pa. C.S.A. § 9541, et seq. In the petition, the following two issues were raised for review:

> 1. TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE FAILED TO OBJECT TO THE PROSECUTOR'S CLOSING ADDRESS WHICH IMPROPERLY CHARACTERIZED THE TWO RETAIL THEFT CONVICTIONS USED TO IMPEACH PETITIONER'S TESTIMONY UNDER PA. RULE OF EVIDENCE 609 AS PROPENSITY EVIDENCE.
>
> 2. PETITIONER WAS PREJUDICED BY THE PROSECUTOR'S IMPROPER USE OF HIS IMPEACHMENT BY TWO PRIOR CONVICTIONS.

Response, Appendix Volume I, Exhibit A at 1-3 (Post Conviction Relief Act Petition).

The PCRA court notified Petitioner of its intent to dismiss the petition without a hearing on March 8, 2010.[5] See PA. R. CRIM. P. 907; Response, Appendix Volume I, Exhibit B (Notice of Intent). The PCRA court subsequently dismissed the petition on April 12, 2010. Response, Appendix I, Exhibit C.

---

authorities when he learned that a warrant for his arrest was issued. Evidence of two prior convictions for retail theft was offered to impeach Petitioner's credibility pursuant to Rule 609 of the Pennsylvania Rules of Evidence.

Commonwealth v. Hughston, No. 897-08 (Opinion, Hazel, J.) (Del. Cm. Pl. May 13, 2010); Response, Appendix Volume I, Exhibit D at 1-3 (PCRA Court Opinion) (citations omitted).

    [5] The Notice of Intent to Dismiss Without Hearing indicated that Petitioner's claims are "refuted by the record and [are] devoid of arguable merit." The PCRA Court also found that based on its review of the record, no prejudice could be found. Response, Appendix Volume I, Exhibit B at 3 (Notice of Intent).

Petitioner appealed to the Superior Court.  The Superior Court affirmed the PCRA court on January 5, 2011. Commonwealth v. Hughston, 23 A.3d 1075 (Pa. Super. 2011)(table); Response, Appendix II, Exhibit H.  Thereafter, Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court.  Response, Appendix II, Exhibit I.  The Supreme Court declined review on July 12, 2011.  Commonwealth v. Hughston, 24 A.3d 362 (Pa. 2011)(table).

Petitioner filed the instant pro se Petition for Writ of Habeas Corpus on September 29, 2011.  On October 12, 2011, this case was referred by the Honorable Joel H. Slomsky for preparation of a Report and Recommendation.  Petitioner's memorandum of law in support was filed on October 26, 2011.  The Response to the Petition was filed November 21, 2011.

The Petition before this Court asserts the following issues:

> (1) INEFFECTIVENESS OF TRIAL COUNSEL - FAILURE TO OBJECT.  TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE CONVERSATION [sic] OF IMPEACHMENT OF HIS CLIENT WITH TWO RETAIL THEFT CONVICTIONS TO EVIDENCE OF CHARACTER, BASED ON PAST CRIMINAL CONDUCT WHICH WAS USED "TO SHOW ACTION IN CONFORMITY THEREWITH."  AT THE CONCLUSION OF THE PETITIONER'S TESTIMONY TRIAL COUNSEL RAISED THE FACT THAT HE HAD BEEN CONVICTED OF RETAIL THEFT IN THE RECENT PAST (Petition at 8); and
>
> (2) PREJUDICE BY PROSECUTOR'S USE OF THE TWO RETAIL THEFT CONVICTIONS - INEFFECTIVE ASSISTANCE OF COUNSEL - FAILURE TO OBJECT.  COUNSEL FAILED TO OBJECT TO PROSECUTOR'S IMPROPER AND PREJUDICIAL ACTS, USE OF TWO RETAIL THEFT CONVICTIONS (Petition at 10).

Respondents deny that Petitioner is entitled to a grant of the Petition because they claim that his allegations are without merit. Thus, Respondents contend that Petitioner's application should be dismissed with prejudice.

## II.   STANDARD OF REVIEW

### A.   HABEAS CORPUS PETITIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a writ of habeas corpus for a person serving a state court sentence shall not be granted unless (i) the state court's resolution of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" and (ii) the claim is exhausted.[6] See 28 U.S.C. § 2254(d)(1); Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002); Berryman v. Morton, 100 F.3d 1089, 1103 (3d Cir. 1996). "As long as the reasoning of the state court does not contradict

---

[6]   Exhaustion requires that the claims have been presented at all available levels of the state judicial system before being presented in a habeas corpus petition. See Anderson v. Harless, 459 U.S. 4, 7 (1982). If a petition's claims have not been exhausted, and a petitioner is time-barred from presenting those claims in state court, the claims are procedurally defaulted and will not be reviewed on the merits. 28 U.S.C. § 2254(b)(1)(A); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

However, a procedurally defaulted claim may still succeed where a petitioner can show either (i) cause for the default and actual prejudice, or (ii) that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749 (1991). Cause exists when a petitioner demonstrates "some objective factor external to the defense impeded efforts to comply with the State's procedural rule." Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)); Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir.), cert. denied, 537 U.S. 897 (2002) (quoting Coleman, 501 U.S. at 753). Prejudice means that the alleged error worked to the petitioner's actual and substantial disadvantage. United States v. Rodriguez, 153 F. Supp. 2d 590, 594 (E.D. Pa. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

A fundamental miscarriage of justice occurs if a petitioner presents new evidence and shows that "it is [now] more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327 (1995); Keller v. Larkins, 251 F.3d 408, 415-416 (3d Cir. 2001). The burden is on the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup, 513 U.S. at 327.

5

relevant Supreme Court precedent, AEDPA's general rule of deference applies." Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002), Woodford, 537 U.S. 19.

An objectively unreasonable application does not require merely that a state court's decision be erroneous or incorrect, but also that it be unreasonable. Williams v. Taylor, 529 U.S. 362, 407 (2000).  Clearly established federal laws are the holdings, not the dicta of the Supreme Court. Id. at 390.

### B.  INEFFECTIVE ASSISTANCE OF COUNSEL

Claims for ineffectiveness of counsel are governed by Strickland v. Washington, 466 U.S. 668 (1984).  Under Strickland, counsel is presumed effective, and to prevail on an ineffectiveness claim, a petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  Given this presumption, a petitioner must first prove that counsel's conduct was so unreasonable that no competent lawyer would have followed it, and that counsel has "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687.  In addition, a petitioner must prove prejudice.  In order to do so, the petitioner must demonstrate that "counsel's errors were so serious as to deprive [petitioner] a fair trial, a trial whose result is reliable." Id.  Thus, a petitioner must show a reasonable probability that, but for counsel's "unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is sufficient to undermine confidence in the outcome." Id. at 694.  This determination

must be made in light of "the totality of the evidence before the judge or jury." Id. at 695.

The United States Court of Appeals for the Third Circuit has cautioned that "[o]nly the rare claim of ineffectiveness should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." Beuhl v. Vaughn, 166 F.3d 163, 169 (3d Cir.), cert. denied, 527 U.S. 1050 (1999) (quoting U.S. v. Gray, 878 F.2d 702, 711 (3d Cir. 1989)). Under the revised habeas corpus statute, such claims can succeed only if the state court's treatment of the ineffectiveness claim is not simply erroneous, but objectively unreasonable as well. Berryman v. Morton, 100 F.3d 1089, 1103 (3d Cir. 1996).

Petitioner must show not only that counsel's conduct was improper, but also that it amounted to a constitutional deprivation. Petitioner must also show that the prosecutor's acts so infected the trial as to make his conviction a denial of due process. Greer v. Miller, 483 U.S. 756, 765 (1987)(citation omitted). Petitioner must show that he was deprived of a fair trial. Smith v. Phillips, 455 U.S. 209, 221 (1982); Ramseur v. Beyer, 983 F.2d 1215, 1239 (3d Cir. 1992), cert. denied, 508 U.S. 947 (1993)(citations omitted)(stating court must distinguish between ordinary trial error, and egregious conduct that amounts to a denial of due process).

### III. DISCUSSION

#### A. Whether Trial Counsel Was Ineffective for Failing to Object to the Prosecutor's Closing Argument Regarding Petitioner's Prior Retail Theft Convictions.

Petitioner contends that although his theft convictions were properly admitted to impeach his credibility, the prosecutor, in closing argument, improperly argued that such evidence was to be used as propensity evidence in violation of Rule 404 of the Pennsylvania

Rules of Evidence.[7]  Petitioner Memorandum at 8-9; Commonwealth v. Hughston, 23 A.3d 1075 (Pa. Super. 2011)(table); Response, Appendix II, Exhibit H at 2.  More specifically, Petitioner avers that the prosecutor, in referencing his prior convictions, attempted to persuade the jury that he acted in conformity with his bad character and committed the offenses for which he was being tried.  Id.  In support of this issue, Petitioner points to portions of the prosecutor's closing argument in which the prosecutor indicated that Petitioner's testimony should be viewed with "a jaundiced eye" and that Petitioner was "not the most honest person to take the stand."  Petitioner Memorandum at 11-15; Commonwealth v. Hughston, 23 A.3d 1075 (Pa. Super. 2011)(table); Response, Appendix II, Exhibit H at 2.

      At trial, Petitioner testified in his own defense and admitted that he forged the money orders and submitted them to the credit card company for payments on his account.  He testified that he did not commit the robbery, but came into possession of the money orders when someone in his neighborhood sold them to him for half the face value.  On cross examination, the prosecutor questioned Petitioner about his use of the stolen money orders to pay his credit card bills.  The following exchange took place:

> Q. Well, you would agree with me that you're coming before this jury and agreeing that you forged those documents?
>
> A. I used the photo - - yes.
>
> Q. You forged them. You're not the most honest person to walk the face of the earth then, are you?

---

[7] Pennsylvania Rule of Evidence 404(a) provides in part that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."  PA. R. E. 404(a).

>    A.    What, by using the - - the money orders?
>
>    Q.    Yeah.
>
>    A.    Well, you're stating it that way, yes.  I mean, I used the money orders, yes.
>
>    Q.    So it's better to be called a forger than a robber then, right?
>
>                    .   .   .
>
>    A.    It is best to be called a robber than a forger?  In my opinion, probably, yes.  That's probably yes.  I don't want them calling me no robber.  I didn't rob nobody, so yes.

Notes of Testimony - 3/5/09 at 171-173; Response, Appendix II, Exhibit F.  As noted by Respondents, Petitioner admitted to being less than honest during cross examination.  He chose to admit to forgery in an effort to avoid a robbery conviction.  Response at 13.

Petitioner's decision to testify on his own behalf allowed the Commonwealth to present rebuttal evidence of Petitioner's prior convictions for retail theft, which is a crime of dishonesty pursuant to Rule 609 of the Pennsylvania Rules of Evidence.  Rule 609 provides, in pertinent part, that "[f]or the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or nolo contendere, shall be admitted if it involved dishonesty or false statement." PA. R. E. 609.

During closing argument, the prosecutor commented on Petitioner's testimony and retail theft convictions as follows:

> And I stated, and the Defendant took the stand, and I didn't mean to be flippant or sarcastic. But if you were expecting him to, you know, fall [on the sword], you were greatly mistaken. But the fact that he did take the stand puts his credibility at issue, as any other witness in this case. But what you can consider, when he took the stand, and weighing his credibility, is that the Defendant has a vital interest in this case. A vital interest in the outcome of this case. So is he going to take the stand and say, yeah, I can't explain how I came into possession of those money orders, other than through that ridiculous story that I purchased them off some guy on the street. But, in addition, by placing his credibility at issue, I'm permitted to make an argument. You heard testimony that the Defendant [has] been convicted twice with Retail Theft. The Judge will instruct you must not (and I'm asking you to do the same) you must not consider that evidence to infer the Defendant [is] guilty in this case merely - purely because he's been previously convicted. You cannot do that, and the Judge will instruct you on that. And I'm not asking you to do it. But what I am asking you to do, and what the law permits that evidence to be considered for is view his testimony with a jaundiced eye. What does that mean? I don't know. But I think it means you can look at it with some doubt. With some hesitation. Knowing that he was not the most honest person to take the stand. And I ask you to do that. Consider the common sense of the story and the circumstances he finds himself in.

Notes of Testimony - 3/5/09 at 217-218; Response, Appendix I, Exhibit D at 3-4 (PCRA Court Opinion); Appendix II, Exhibit F.

The trial court provided an explicit instruction to the jury on how to properly evaluate the petitioner's testimony and his prior convictions. More specifically, the trial court charged the jury as follows:

> As the sole judges of credibility and fact, you are responsible to give the testimony of everyone who testified in this case whatever

> credibility and whatever weight that you think that testimony deserves. You'll recall that the Defendant took the stand as a witness and testified. In considering his testimony, you're to follow the same general instructions I've given you with respect to the testimony of any witness. There was evidence in this case tending to prove that the Defendant has a prior criminal - a couple of prior criminal convictions, [two] for Retail Theft. This evidence is not evidence of his guilt. And you must not infer guilt from the evidence of those prior convictions. This evidence can be considered by you for only one purpose. And that's to help you judge the credibility and weight of the testimony given by the Defendant as a witness in this trial. In considering the evidence of a prior conviction, you can think of the type of crime it was, how long ago it was committed, and how it may affect the likelihood that the defendant's testified truthfully in this case. Common sense.

Notes of Testimony - 3/5/09 at 230-231; Response, Appendix I, Exhibit D at 4 (PCRA Court Opinion).[8]

---

[8] We note that the instruction given by the trial court was substantially similar to Pennsylvania Suggested Standard Jury Instruction 3.09, which provides as follows:

> The defendant took the stand as a witness. In considering the defendant's testimony, you are to follow the general instructions I gave you for judging the credibility of any witness.
>
> You should not disbelieve the defendant's testimony merely because he is the defendant. In weighing his testimony, however, you may consider the fact that he has a vital interest in the outcome of this trial. You may take the defendant's interest into account, just as you would the interest of any other witness, along with all other facts and circumstances bearing on credibility in making up your minds what weight his testimony deserves.
>
> There was evidence tending to prove that the defendant has a prior criminal conviction. I am speaking of [the prior retail theft convictions.] This evidence is not evidence of the defendant's guilt. You must not infer guilt from the evidence of prior conviction. This evidence may be considered by you for one purpose only, that is, to help you judge the credibility and weight of the testimony given by the defendant as a witness in this trial. In considering the evidence of prior conviction, you may consider the type of crime committed, how long ago it was committed and how it may affect the likelihood that the defendant has testified truthfully in this case.

Pa. SSJI (Crim) 3.09.

In concluding that Petitioner's issue was meritless, the PCRA Court reasoned as follows:

> The record refutes [Petitioner's] specious argument. A plain and commonsense reading of the passage complained of in the prosecutor's closing argument demonstrates the fact that the foundation upon which Petitioner's argument is built is clearly erroneous. The prosecutor correctly argued: 1) the fact that Petitioner testified puts his credibility at issue, 2) the jury could consider Petitioner's vital interest in the outcome of the trial, 3) the jury could *not* consider Petitioner's prior convictions as evidence of guilt in this case, and 4) the jury could consider those prior convictions when assessing the credibility of Petitioner's testimony. This argument was in no way objectionable. See e.g. Commonwealth v. Novasak, 606 A.2d 477 (Pa. Super. Ct. 1992) (where prosecutor referred to defendant as a "liar" comment was fair inference from the evidence; there was no indication that prosecutor deliberately attempted to destroy objectivity of fact finder and it did not appear that comments created avoidable prejudice or hostility in jury). Accordingly, Petitioner's claim lacks arguable merit and counsel cannot be found ineffective for failure to lodge this futile objection. See generally Commonwealth v. Bryant, 855 A.2d 726, 742 (Pa. 2004) *quoting* Commonwealth v. Howard, 645 A.2d 1300, 1304 (Pa. 1994) (trial counsel cannot be held to ineffective for failing to take futile actions or raise a meritless claim).
>
> Further, Petitioner cannot establish the resulting prejudice necessary to a claim based on ineffectiveness. The court properly charged the jury concerning the limited purpose of Petitioner's prior convictions . . . . It is presumed that the jury followed this instruction. See e.g. Commonwealth v. Brown, 987 A.2d 699 (Pa. 2009) *quoting* Commonwealth v. Means, 773 A.2d 143, 157 (Pa. 2001) ("A pillar upon which our system of trial by jury is based is that juries are presumed to follow the instructions of the court."). Finally, we note that Petitioner, in his direct testimony admitted that he forged the two money orders and submitted them to the credit card company for payment on his account. This testimony combined with his properly admitted prior *crimin falsi* convictions provided the jury with significant impeachment evidence upon which it could conclude Petitioner's testimony was less than

> truthful. Given this fact, and considering the weight of all of the evidence offered at trial including the victims' pre-trial and in-court identifications, there is no basis upon which the court can conclude that there is a reasonable probability that "but for" trial counsel's failure to raise this meritless issue the jury would have accepted Petitioner's testimony and returned a verdict of "not guilty," nor can it be said that confidence in this outcome was undermined in any way. See generally Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).

Response, Appendix I, Exhibit D at 7-9 (PCRA Court Opinion).

On appeal, the Superior Court thoroughly reviewed this issue and affirmed the PCRA court's determination. Commonwealth v. Hughston, 23 A.3d 1075 (Pa. Super. 2011)(table); Response, Appendix II, Exhibit H. In so doing, the Superior Court stated as follows:

> As the PCRA court points out in its opinion, a commonsense reading of the portions of the Commonwealth's argument cited by Appellant reveals the Commonwealth argued the jurors should not believe Appellant's testimony. This argument relied, in part, on Appellant's prior convictions for theft. The Commonwealth was permitted to rely on those convictions to attack Appellant's credibility - that is, to persuade the jury not to believe Appellant. Indeed, as we have noted, Appellant rightly concedes as much. He is simply wrong, however, to characterize the Commonwealth's argument as an attempt to convince the jury that Appellant acted in conformance with his criminal or otherwise bad character and that, in so doing, he committed the instant crimes.

> Indeed, the prosecutor specifically told the jury that Appellant's prior convictions could not be used to infer guilt merely because he had committed crimes in the past. We see also that the trial court instructed the jurors that Appellant's theft convictions could not be used as evidence of guilt but could be used only as evidence affecting his credibility.

> Given the content and context of the Commonwealth's argument, as well as the trial court's instruction, the PCRA court concluded the record showed there was no merit to Appellant's claim that his trial counsel should have objected. Finding Appellant was entitled to no relief, the court dismissed the petition without a hearing and after notice under Rule 907.
>
> We find no error in the PCRA court's decision. The Commonwealth's closing argument was not improper. Additionally, we assume the jurors followed the court's charge. Accordingly, there would have been no merit to the objection which Appellant contends counsel should have made. As such, Appellant has not established his trial counsel was ineffective. Consequently, he has failed to show us the PCRA court erred.
>
> Appellant also devotes a significant portion of his brief to arguing he was prejudiced by counsel's failure to raise the aforesaid objection. However, we have already determined that objection had no merit. Appellant cannot be said to have suffered prejudice by virtue of his counsel failing to raise a baseless objection.

Commonwealth v. Hughston, 23 A.3d 1075 (Pa. Super. 2011)(table); Response, Appendix II, Exhibit H at 4-5 (citations omitted).

Petitioner makes the same argument here as he did in state court, yet he does not acknowledge that both appellate courts disagreed with his argument. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court is precluded from granting habeas corpus relief on any claim decided in a state court unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." Vega v. Klem, No. CIV.A. 03-5485, 2005 WL 3216738, at *6 (E.D. Pa. Nov. 29, 2005)(citing 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 404-405 (2000); Fountain v. Kyler, 420

F.3d 267, 272-273 (3d Cir. 2005)).

In the present case, the record demonstrates that counsel cannot be deemed ineffective for failing to object to a meritless claim.  Accordingly, we conclude that Petitioner has not identified any decision of the trial court or the appellate court which is contrary to, or an unreasonable application of, Sixth Amendment jurisprudence.  Petitioner, therefore, does not meet his burden of proving ineffective assistance of counsel on this claim.

> **B.     Whether Trial Counsel Was Ineffective for Failing to Object to the Prosecutorial Misconduct That Occurred with Respect to Petitioner's Prior Retail Theft Convictions.**

This issue is duplicative.  As discussed above, the state courts correctly determined that the evidence of Petitioner's prior retail theft convictions was relevant, admissible, and properly utilized by the prosecutor.  There was no prosecutorial misconduct.

The record demonstrates that counsel cannot be deemed ineffective for failing to object to a meritless claim.  Accordingly, we again conclude that Petitioner has not identified any decision of the trial court or the appellate court which is contrary to, or an unreasonable application of, Sixth Amendment jurisprudence.  Petitioner, therefore, does not meet his burden of proving ineffective assistance of counsel.

For all of the foregoing reasons, I make the following:

**RECOMMENDATION**

AND NOW, this    16th    day of April, 2012, IT IS RESPECTFULLY RECOMMENDED that the instant Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing.  There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to timely file objections may constitute a waiver of any appellate rights.

BY THE COURT:


 /s/ Henry S. Perkin
HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE